PEOPLE *v.* PRICE.

1. APPEAL AND ERROR—RIGHT OF APPEAL IS STATUTORY.
   The right of appeal or review is statutory.

2. SAME—CRIMINAL CODE—CRIMINAL CASES REVIEWABLE ONLY BY
   WRIT OF ERROR.
   Under the criminal code (chapter 10, Act No. 175, Pub. Acts 1927), the only provision for review after conviction and judgment in a criminal case is by writ of error.

3. CRIMINAL LAW—CRIMINAL CODE—REVIEW OF CRIMINAL CASE MAY
   BE HAD BY WRIT OF ERROR ONLY—CERTIORARI.
   A writ of certiorari, improvidently granted to review a conviction and judgment thereon of driving a vehicle on the highway while under the influence of intoxicating liquors, must be dismissed, since, under the criminal code (chapter 10, Act No. 175, Pub. Acts 1927), review of criminal cases may be had only by writ of error.

Certiorari to recorder's court of Detroit; Bowles (Charles), J. Submitted October 12, 1928. (Docket No. 132, Calendar No. 33,908.) Decided December 4, 1928.

Charles Price was convicted of driving while under the influence of intoxicating liquor. Dismissed.

*Benjamin F. Dunning* and *Herman L. Berg* (*Herbert U. White, James M. Gregory, J. Milton Van Lowe,* and *Horace G. Taylor,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Oscar A. Kaufman,* Assistant Prosecuting Attorney, for the people.

Clark, J. Defendant, in a trial before the court without a jury, suffered conviction and judgment thereon of driving a vehicle on a highway while under the influence of intoxicating liquor. Section 3, tit. 3, Act No. 318, Pub. Acts 1927. He prosecutes review on certiorari.

The code of criminal procedure (chapter 10, Act No. 175, Pub. Acts 1927), provides for review after judgment by writ of error, and it provides no other method, and it states:

"All acts and parts of acts relative to exceptions before sentence in criminal cases, and all other provisions of law inconsistent with the provisions of this chapter, are hereby expressly repealed."

The right of appeal or review is statutory. It follows that the writ of certiorari, granted improvidently, must be dismissed.

For benefit of counsel, it is stated that a consideration of the merits would not change the result.

Writ dismissed.

Fead, C. J., and North, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.